UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES BAILEY, :
:
              Plaintiff, : **SUMMARY ORDER**
:
      -against- : 01-CV-2250 (DLI)(LB)
:
NEW YORK CITY BOARD OF EDUCATION :
et al., :
:
             Defendants. :
------------------------------------------------------------x

DORA L. IRIZARRY, United States District Judge:

      Presently before the Court is the plaintiffs' objection to the discovery order issued by Magistrate Judge Lois Bloom on April 28, 2005 (the "Order"). Defendants object to the Order insofar as it requires them to provide the names of "all teachers in the borough of Queens who from January 1999 until March 1, 2001, after being assigned to the 'rubber room' were brought up on 3020 charges." For the following reasons, as well as those cited by Magistrate Judge Bloom, defendants objections are overruled and the Order is affirmed.

Background

      Plaintiff alleges in this employment discrimination action that defendants chose to press disciplinary charges against African American teachers, but not similarly situated Caucasian teachers. In New York's educational system, during the pendency of these types of disciplinary charges, teachers are assigned to a non-teaching position in the district office. Such an assignment is commonly referred to as the "rubber room."

      Plaintiff sent interrogatories to defendants requesting the names of all teachers assigned to the "rubber room" for a specified time period. Magistrate Judge Bloom later narrowed that time period to from January 1999 to March 1, 2001. In addition, upon stipulation of the parties, Judge

Bloom ordered that certain materials, including the discovery referenced herein, be kept confidential.

**<u>Discussion</u>**

The decision of a magistrate judge on a nondispositive matter will not be set aside unless it is clearly erroneous or contrary to law. *Fed. R. Civ. P. 72(a)*; *28 U.S.C. § 636(b)(1)(A)*. "Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001) (citing *Com Tech Assocs. v. Computer Assoc. Int'l*, 753 F.Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991)).

Defendants object to the Order's requiring disclosure of names of teachers. Defendants cite a number of cases, most of which make generalized statements about an individual's protected privacy interests and then proceed to order disclosure of the information sought. Defendants rely most heavily on *U.S. Dep't of Justice et al. v. Reporters Committee for Freedom of the Press et al.*, 489 U.S. 749 (1989). *Reporters Committee* was a case decided under the Freedom of Information Act (FOIA) and its holding is limited to that statute. *Id.* at 763 n.13 ("The question of the statutory meaning of privacy under the FOIA is, of course, not the same as the question whether a tort action might lie for invasion of privacy or the question whether an individual's interest in privacy is protected by the Constitution.") The instant case involves no FOIA request. In addition, given the protective order in place, defendants have failed to set forth a sufficient privacy interest to overcome the plaintiff's entitlement to discovery.[1]

Defendants' offer to provide numbers which correspond to teachers rather than their names,

---

[1] The court notes in particular that *Reporters Committee* involved an effort to, presumably, publish the information sought. In the instant matter, plaintiff is prohibited from disclosing the names of teachers he learns from defendant.

This offer was rejected by the magistrate citing plaintiff's need to investigate the circumstances of similarly situated teachers placed in the "rubber room" to prove (or disprove) his theory of the case. The rejection of this offer is well within the discretion of the magistrate judge, particularly when based on legitimate logistical and discovery concerns. Under such circumstances, the decision of the magistrate judge is not clearly erroneous or contrary to law and will be affirmed.

Conclusion

For the foregoing reasons, as well as those set forth by Magistrate Judge Bloom, defendants' objection to the Order is overruled.

Dated: Brooklyn, New York
June 2, 2005

_____/s/_____
Dora L. Irizarry
United States District Judge